IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SIGNAL TECH, LLC, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | C. A. No. 11-1073-RGA |
| | ) | |
| ANALOG DEVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT ANALOG DEVICES, INC.'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO TRANSFER VENUE TO THE DISTRICT OF MASSACHUSETTS

*Of Counsel:*

Wayne L. Stoner
Larissa Bifano Park
Sydenham B. Alexander, III
Robert K. Smith
WILMER CUTLER PICKERING
    HALE and DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000
wayne.stoner@wilmerhale.com
larissa.park@wilmerhale.com
sandy.alexander@wilmerhale.com
robert.smith@wilmerhale.com

Dated: January 5, 2012

Frederick L. Cottrell, III (#2555)
Anne Shea Gaza (#4093)
Travis S. Hunter (#5350)
RICHARDS, LAYTON & FINGER, P.A.
920 N. King Street
One Rodney Square
Wilmington, DE 19801
(302) 651-7700
cottrell@rlf.com
gaza@rlf.com
hunter@rlf.com

*Attorneys for Defendant
Analog Devices, Inc.*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................... ii

INTRODUCTION ............................................................................................................ 1

NATURE AND STAGE OF PROCEEDINGS .............................................................. 2

SUMMARY OF ARGUMENT ...................................................................................... 2

STATEMENT OF FACTS .............................................................................................. 3

I.     ADI Is A Massachusetts Corporation With Headquarters Located In
       Massachusetts ..................................................................................................... 3

II.    Relevant Non-Party Witnesses Are More Likely To Be In Massachusetts ......... 4

III.   Delaware Has No Meaningful Connection To ADI's Alleged Infringement ...... 4

IV.    Plaintiff's Connections To Delaware Are Recent, Superficial, And Litigation-
       Driven ................................................................................................................. 5

V.     The District of Delaware's Court Docket Is More Congested Than the District of
       Massachusetts ..................................................................................................... 5

ARGUMENT ................................................................................................................... 6

I.     Legal Standard ................................................................................................... 6

II.    This Action Could Have Been Brought In The District of Massachusetts ......... 6

III.   The Claim Arose In Massachusetts .................................................................... 6

IV.    Many Of The Witnesses Are In Massachusetts ................................................. 7

V.     The Record Evidence Is In Massachusetts ........................................................ 8

VI.    Court Congestion Favors Massachusetts ........................................................... 8

VII.   Plaintiff's Recent, Litigation-Driven Incorporation In Delaware Is Not Entitled To
       Weight ................................................................................................................. 9

VIII.  Plaintiffs Suits Against LTC And Maxim Should Not Affect ADI's Motion To
       Transfer ............................................................................................................... 10

CONCLUSION ............................................................................................................... 11

# TABLE OF AUTHORITIES

Federal Cases

*Gian Biologics, LLC v. Biomet Inc.*,
  No. 10-865-LPS, 2011 WL 2470636 (D. Del. June 21, 2011) ................................. 10

*In re Biosearch Techs., Inc.*,
  2011 WL 6445102 (Fed. Cir. Dec. 22, 2011) ........................................................ 8

*In re Genentech, Inc.*,
  566 F.3d 1338 (Fed. Cir. 2009)........................................................................... 8

*In re Link_A_Media Devices Corp.*,
  662 F.3d 1221 (Fed. Cir. 2011)........................................................................... 10

*In re Microsoft Corp.*,
  630 F.3d 1361 (Fed. Cir. 2011)........................................................................ 9, 10

*Intelllectual Ventures I LLC v. Checkpoint Software Techs., Ltd.*,
  797 F. Supp. 2d 472 (D. Del. 2011) ................................................................... 9

*Joint Stock Society Trade House of Descedants of Peter Smirnoff, Official
  Purveyor to the Imperial Court v. Heublein, Inc.*,
  936 F. Supp. 177 (D. Del. 1996)......................................................................... 9

*Jumara v. State Farm Ins. Co.*,
  55 F.3d 873 (3d Cir. 1995)................................................................................ 6

*Solomon v. Continental Am. Life Ins. Co.*,
  472 F.2d 1043 (3d Cir. 1973)............................................................................. 9

*Teleconference Sys. v. Proctor & Gamble Pharms., Inc.*,
  676 F. Supp. 2d 321 (D. Del. 2009)................................................................... 4, 8

*Virgin Wireless, Inc. v. Virgin Enters. Ltd.*,
  201 F. Supp. 2d 294 (D. Del. 2002) .................................................................. 6

Federal Statutes

28 U.S.C. § 1391.............................................................................................. 6

28 U.S.C. § 1395(a) .......................................................................................... 6

28 U.S.C. § 1404(a) .......................................................................................... 6

35 U.S.C. § 299................................................................................................ 1, 11

Other Authorities

15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper,
  *Federal Practice and Procedure*, § 3851 (3d ed. 2008) .........................................8

## INTRODUCTION

The Defendant, Analog Devices., Inc. ("ADI"), moves to transfer this patent infringement case, which has no connection to this District, to the District of Massachusetts, where ADI and, more than anywhere else, the relevant documents and witnesses are located.

The Plaintiff, a corporation called "Signal Tech, LLC," which lists no address in its Complaint (D.I. 1.), was incorporated in Delaware only 1 ½ months before filing suit here, and appears to be a non-practicing, shell company formed to sue on the one patent-in-suit. That patent states on its face that it was or is owned by a German corporation and names as its inventor a person in California. (D.I. 1-1.) ADI knows of no connection between the alleged invention of this patent and Delaware.

By contrast, ADI has been headquartered in Massachusetts for 46 years, and all of its products accused of infringement in this lawsuit were designed in Massachusetts or California and manufactured in Massachusetts or overseas. None of those products was invented, designed, or manufactured in Delaware, where ADI has no facilities.

The Plaintiff has also sued for alleged infringement of the same patent, in separate lawsuits in this same Court, two other companies, Linear Technology Corporation ("LTC") and Maxim Integrated Products ("Maxim"), who are headquartered in California and incorporated in Delaware. These separate lawsuits (in which no responses to the complaints have been filed) were filed pursuant to the recent America Invents Act, which prohibits independent claims of infringement from being filed or tried in the same lawsuit, indicating that such claims should be tried independently. 35 U.S.C. § 299.

For the interests of justice and convenience of the parties and witnesses, ADI respectfully requests that this case be transferred to the District of Massachusetts.

## NATURE AND STAGE OF PROCEEDINGS

Signal Tech filed a Complaint for Patent Infringement against ADI on November 2, 2011. (D.I. 1.) Signal Tech served the Complaint on or about November 4, 2011. On November 15, 2011, ADI filed a Stipulation to Extend Time to Respond to Complaint, in which the parties stipulated that ADI would have until January 5, 2012, to serve and file an answer or other response to the Complaint. (D.I. 5.) On November 17, 2011, the Court entered an Order extending time pursuant to the Stipulation.

## SUMMARY OF ARGUMENT

1.      This action could have been brought in the District of Massachusetts because ADI is a Massachusetts corporation with its corporate headquarters and principal place of business located in Norwood, Massachusetts.

2.      The claim arose in Massachusetts (or other places, but not in Delaware) because Signal Tech accuses of infringement products invented, designed, manufactured, marketed and sold either in Massachusetts, where ADI employs 2,200 employees and has been headquartered for forty-six years, or in California or abroad. None of the accused products was designed, developed, or manufactured in Delaware.

3.      The relevant witnesses and records are primarily in Massachusetts, some in other places, but not in Delaware. The ADI employees who may be witnesses are based in Massachusetts or California. According to the patent-in-suit, the named inventor of the patent lives in California, and the patent was originally developed by a company in Germany called Infineon Technologies AG. The Plaintiff itself appears to be a mere shell corporation and does not even list an address in the Complaint, so is unlikely to have significant witnesses residing in Delaware. And U.S. patent records show that non-party witnesses in the field of the invention are more likely to be located in Massachusetts than in Delaware.

4.     The record evidence, including ADI's documents, appears to be primarily in Massachusetts and not in Delaware.

5.     Judicial efficiency favors Massachusetts, which has fewer pending cases per judge, a more slowly growing docket, and a faster time to trial than Delaware.

6.     Plaintiff's recent, litigation-driven incorporation in Delaware is not entitled to weight.

7.     Plaintiff's separate suits against other defendants on the same patent should not affect ADI's Motion To Transfer, because the America Invents Act calls for such claims to be tried independently.

## STATEMENT OF FACTS

**I.     ADI Is A Massachusetts Corporation With Headquarters Located In Massachusetts**

ADI is a Massachusetts corporation. (*See* Decl. of Jason P. Fiorillo In Supp. of Def. Analog Devices, Inc.'s Mot. To Transfer ("Fiorillo Decl.") ¶ 2.) Its principal place of business and corporate headquarters are located in Norwood, Massachusetts. (*Id.*) ADI has been headquartered in Massachusetts for forty-six years. (*Id.*)

Eight of ADI's top ten executive officers are based in Massachusetts. (*Id.* ¶ 3.) These include ADI's Chairman of the Board; President and Chief Executive Officer; Vice President— Finance and Chief Financial Officer; Vice President, Chief Accounting Officer, and Corporate Controller; Vice President, General Counsel, and Secretary; Vice President—Human Resources; Vice President—Strategic Market Segments Group; and Vice President—Research and Development, and Chief Technology Officer. (*Id.*) The remaining top two executive officers are based in Ireland. (*Id.*)

2,200 of ADI's 3,200 U.S. employees work in Massachusetts. (*Id.* ¶ 4.) ADI's only U.S. manufacturing facility is located in Massachusetts. (*Id.* ¶ 8.) Most ADI documents and

- 3 -

witnesses potentially relevant to this litigation are located in Massachusetts. (*Id.* ¶ 9.) ADI has no facilities or employees in Delaware. (*Id.* ¶¶ 5-6.)

## II.    Relevant Non-Party Witnesses Are More Likely To Be In Massachusetts

Although it is difficult to identify individual witnesses given the early stage of the litigation and lack of detail in the Complaint, relevant non-party witnesses are more likely to be located in Massachusetts than in Delaware. Plaintiff asserts a patent for "a switching Gm cell allowing a wide transconductance range with a limited voltage range." (D.I. 1, Ex. A.) Massachusetts inventors are listed on 550 patents containing the word "transconductance," while Delaware inventors are listed on 27 patents containing that term. (*See* Decl. of Sydenham Alexander In Supp. of Def. Analog Devices, Inc.'s Mot. To Transfer, ¶ 3.) Massachusetts exceeds Delaware in the relevant subject matter by twenty to one.

## III.    Delaware Has No Meaningful Connection To ADI's Alleged Infringement

Delaware has no meaningful connection to ADI's alleged infringement. No one at ADI with any reasonable connection to the facts or allegations of this litigation is based in Delaware, including any employees with meaningful involvement with the accused products. (Fiorillo Decl. ¶ 10.)[1]  Indeed, ADI has no employees in Delaware at all. (*Id.* ¶ 6.)

---

[1] The lack of a meaningful Delaware connection to this case is highlighted by the contrast with prior cases ADI has litigated in Delaware. In 2010, ADI was sued in Delaware along with four other defendants, all of which were Delaware corporations. *See Wacoh Company v. Analog Devices Inc.*, No. 1:10-cv-00617-RGA (filed July 20, 2010). In 2009, ADI brought suit in Delaware against a Delaware corporation that lacked a business presence in Massachusetts. *See Analog Devices Inc. v. Knowles Electronics LLC*, No. 1:09-cv-00826-GMS (filed Nov. 3, 2009). In 2006, ADI brought suit in Delaware against Delaware corporation LTC. *See Analog Devices Inc. v. Linear Technology Corp.*, No. 1:06-cv-00346-GMS (filed May 25, 2006). ADI is not aware of any overlap between the patents, products, or witnesses in those cases and in this case. (Fiorillo Decl. ¶ 11.)  Furthermore, given this Court's practice of deciding transfer motions based on an "individualized, case-by-case consideration of convenience and fairness," without regard to past suits, ADI submits that these prior cases should be accorded no weight in the present transfer analysis. *See Teleconference Sys. v. Proctor & Gamble Pharms., Inc.*, 676 F. Supp. 2d 321, 335 (D. Del. 2009) (granting transfer).

IV.   **Plaintiff's Connections To Delaware Are Recent, Superficial, And Litigation-Driven**

The patent-in-suit was not invented by the Plaintiff.  That patent says it was invented by a person in Scotts Valley, California, and assigned to a German company called Infineon Technologies AG.  (D.I. 1-1.)  Apparently, the Plaintiff recently purchased the patent from Infineon.  Plaintiff is a limited liability corporation that registered as a business entity in Delaware only 1 ½ months before filing this lawsuit.  (*See* Alexander Decl., Ex. A.)  On information and belief, Plaintiff was formed for the purpose of bringing this action and simultaneously filed actions against LTC and Maxim.  Indeed, it appears that Plaintiff has no cognizable activities in Delaware (or elsewhere) other than prosecuting these lawsuits; Plaintiff's Complaint does not list any address for the Plaintiff.

As a result, Plaintiff's officers, employees or owners in Delaware, if any, are unlikely to have or present any relevant original documentary or testimonial evidence in this case.  Relevant original evidence will be almost entirely within the possession of ADI or third parties located outside of Delaware.

V.   **The District of Delaware's Court Docket Is More Congested Than the District of Massachusetts**

Statistics from the Administrative Office of the U.S. Courts indicate that the District of Massachusetts has 234 cases pending per judge while the District of Delaware has 411 cases pending per judge.  (*See* Alexander Decl., Ex. B.)  Accordingly, the average time to trial for the District of Massachusetts is five months faster than in the District of Delaware.  (*See id.* (26.2 months for the District of Massachusetts; 31.0 months for the District of Delaware).)

Moreover, congestion is increasing more quickly in Delaware.  The District of Delaware experienced one of the largest increases in pending cases among all U.S. District Courts in 2011:

RLF1 5739602v. 1

the thirteenth largest percentage increase out of ninety-four judicial districts, as opposed to the District of Massachusetts, which experienced a modest increase, ranking thirty-eighth. (*See id.*)

## ARGUMENT

### I.      Legal Standard

The Court may transfer a civil action "[f]or the convenience of parties and witnesses, [or] in the interest of justice . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  The purpose of transfer is to protect litigants, witnesses, and the public from a waste of time, energy, and money. *See Virgin Wireless, Inc. v. Virgin Enters. Ltd.*, 201 F. Supp. 2d 294, 299 (D. Del. 2002) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)).  The factors for the Court's consideration include: the location where the claim arose; the location of witnesses and evidence; court congestion; and the preferences of the parties. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995).

### II.      This Action Could Have Been Brought In The District of Massachusetts

This action could have been brought in the District of Massachusetts. *See* 28 U.S.C. §§ 1391, 1395(a).  ADI is a Massachusetts corporation with its corporate headquarters and principal place of business located in Norwood, Massachusetts.  ADI is subject to personal jurisdiction in the District of Massachusetts and venue is proper there.

### III.      The Claim Arose In Massachusetts

Nearly all of the applicable factors heavily favor transfer to Massachusetts, beginning with the fact that the claim arose there.  ADI designed the accused products in Massachusetts or in California. (Fiorillo Decl. ¶ 7.)  ADI's sole U.S. manufacturing facility is in Massachusetts, and all of its products are manufactured there or in facilities outside the United States. (*Id.* ¶ 8.) ADI has been headquartered in Massachusetts for forty-six years. (*Id.* ¶ 2.)  The patent-in-suit, which Signal Tech apparently recently bought, states on its face that it was or is owned by a

- 6 -

German corporation and names as its inventor a person in California. (D.I. 1, Ex. A.) ADI knows of no connection between the alleged invention of this patent and Delaware.

## IV.    Many Of The Witnesses Are In Massachusetts

The ADI witnesses appear to be in Massachusetts where ADI is headquartered or in California, but not in Delaware. The engineers and executives with knowledge of the accused products are most likely to be in Massachusetts or California. Eight of ADI's top ten executive officers are based in Massachusetts. (Fiorillo Decl. ¶ 3.) These include ADI's Chairman of the Board; President and Chief Executive Officer; Vice President—Finance and Chief Financial Officer; Vice President, Chief Accounting Officer, and Corporate Controller; Vice President, General Counsel, and Secretary; Vice President—Human Resources; Vice President-Strategic Market Segments Group; and Vice President—Research and Development, Chief Technology Officer. (Id.) The remaining top two executive officers are based in Ireland. (Id.)

As far as witnesses associated with the Plaintiff, the asserted patent names as the inventor a person in California, the prior owner of the patent in Germany, and a law firm who prosecuted the patent that is headquartered in Chicago. As far as the Plaintiff itself, it is not clear where its officers or employees are located or on what subjects they might be witnesses, but ADI is not aware of any relevant party witness located in Delaware.

Appropriate experts and non-party witnesses are also more likely to be found in Massachusetts than in Delaware. Signal Tech asserts a patent for "a switching Gm cell allowing a wide transconductance range with a limited voltage range." (D.I. 1, Ex. A.) Massachusetts inventors are listed on 550 patents containing the word "transconductance," while Delaware inventors are listed on 27. (Alexander Decl. ¶ 3.) "Often cited as the most important factor in passing on a motion to transfer under Section 1404(a) of Title 28 of the United States Code, and the one most frequently mentioned by the courts, . . . is the convenience of witnesses, most

- 7 -

particularly nonparty witnesses who are important to the resolution of the case." 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure,* § 3851 (3d ed. 2008).

## V.      The Record Evidence Is In Massachusetts

Evidence regarding the alleged infringement is also located in Massachusetts or in California but not in Delaware. ADI's documents regarding the design, development, and manufacture of the accused products are located primarily at ADI's facilities in Norwood, Massachusetts, and Wilmington, Massachusetts. (Fiorillo Decl. ¶ 9.) ADI does not maintain any technical or business information about the accused products in Delaware. (*Id.* ¶ 10.) The location of the evidence weighs in favor of transfer. *See Teleconference Sys.,* 676 F. Supp. 2d at 332 (granting motion to transfer); *accord In re Genentech, Inc.,* 566 F.3d 1338, 1345 (Fed. Cir. 2009) (granting mandamus in favor of transfer) ("In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." (citation omitted)); *In re Biosearch Techs., Inc.,* 2011 WL 6445102, at *3 (Fed. Cir. Dec. 22, 2011) (nonprecedential) (granting mandamus to transfer) ("Although transfer is within the discretion of the trial court, in a case featuring most witnesses and evidence closer to the transferee venue with few or no convenience factors favoring the venue chosen by the plaintiff, the trial court should grant a motion to transfer." (internal quotation marks omitted)).

Evidence concerning the alleged invention of the patent-in-suit would appear to be located in California or Germany and not in Delaware.

## VI.     Court Congestion Favors Massachusetts

The ninth *Jumara* Factor, "the relative administrative difficulty in the two fora resulting from court congestion," likewise weighs in favor of transfer. Statistics from the Administrative

- 8 -

Office of the U.S. Courts indicate that the District of Massachusetts has 234 cases pending per judge while the District of Delaware has 411 cases pending per judge. (*See* Alexander Decl., Ex. B). Accordingly, the average time to trial for the District of Massachusetts is five months faster than in the District of Delaware. (*See id.* (26.2 months for the District of Massachusetts; 31.0 months for the District of Delaware)).   Moreover, congestion is increasing more quickly in Delaware.  The District of Delaware experienced one of the largest increases in pending cases in the Nation in 2011: the thirteenth largest percentage increase out of ninety-four judicial districts, as opposed to the District of Massachusetts, which experienced a modest increase, ranking thirty-eighth. (*See id.*) *See Joint Stock Society Trade House of Descendants of Peter Smirnoff, Official Purveyor to the Imperial Court v. Heublein, Inc.*, 936 F. Supp. 177, 190 (D. Del. 1996) (consulting previous editions of same tables from Administrative Office of the U.S. Courts to calculate time to trial and pending cases per judge); *Solomon v. Continental Am. Life Ins. Co.*, 472 F.2d 1043, 1047 (3d Cir. 1973) (approving transfer based in part on same).  *Compare Intellectual Ventures I LLC v. Checkpoint Software Techs. Ltd.*, 797 F. Supp. 2d 472, 486 (D. Del. 2011) (3.7 month difference in average time to trial between districts was "inconsequential" in transfer analysis).

## VII.   Plaintiff's Recent, Litigation-Driven Incorporation In Delaware Is Not Entitled To Weight

Against this comprehensive set of connections to Massachusetts, the sole, manufactured factor favoring venue in Delaware – that Plaintiff recently incorporated and brought suit here – is not entitled to weight.  "The Supreme Court has long urged courts to ensure that the purposes of jurisdictional and venue laws are not frustrated by a party's attempt at manipulation."  *In re Microsoft Corp.*, 630 F.3d 1361, 1364 (Fed. Cir. 2011) (granting petition for mandamus and directing transfer).  Accordingly, the Court should not honor "connections to a preferred forum

-9-

made in anticipation of litigation and for the likely purpose of making that forum appear convenient." *Id.* The Court should not be swayed by corporate offices that "staffed no employees, were recent, ephemeral, and a construct for litigation and appeared to exist for no other purpose than to manipulate venue." *Id.* at 1365. Such manipulation is "no more meaningful, and no less in anticipation of litigation," where Signal Tech "took the extra step of incorporating" in Delaware just before filing suit. *Id.; see also Gian Biologics, LLC v. Biomet Inc.*, No. 10-865-LPS, 2011 WL 2470636, at *3 (D. Del. June 21, 2011) (ordering discovery into the circumstances in which plaintiff incorporated in Delaware three months before filing suit and expressing "significant doubt as to whether this case should remain in Delaware"). If the registration of an entity such as Plaintiff to do business in Delaware less than two months prior to filing suit controls the location of the litigation, a loophole would be created that would allow improper forum-shopping.

The Federal Circuit recently warned that "[n]either § 1404 or *Jumara* list a party's state of incorporation as a factor for a venue inquiry" and cautioned courts against placing "too much weight on the plaintiff's choice of forum," especially, "where the choice of forum by a plaintiff has little connection with the operative facts of the lawsuit." *In re Link_A_Media Devices Corp.*, 662 F.3d 1221, 1223, 1224 (Fed. Cir. 2011) (per curiam) (granting mandamus favoring transfer). That is this case here.

## VIII. Plaintiffs Suits Against LTC And Maxim Should Not Affect ADI's Motion To Transfer

Nor should the Plaintiff be allowed to control the venue analysis by filing separate lawsuits here under the same patent against Maxim and LTC (alleging infringement by different products of different companies unrelated to ADI). Those claims were filed in distinct lawsuits pursuant to the recent America Invents Act, which prohibits independent claims of infringement

from being filed or tried in the same action. *See* 35 U.S.C. § 299. The Plaintiff, therefore, should not be allowed to use forum selection to defeat the statute's protection against non-practicing entities that seek to force unrelated defendants into combined proceedings.

## CONCLUSION

For the foregoing reasons, ADI respectfully requests that the Court transfer venue in this case to the U.S. District Court for the District of Massachusetts.

*Of Counsel:*

Wayne L. Stoner
Larissa Bifano Park
Sydenham B. Alexander, III
Robert K. Smith
WILMER CUTLER PICKERING
    HALE and DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000
wayne.stoner@wilmerhale.com
larissa.park@wilmerhale.com
sandy.alexander@wilmerhale.com
robert.smith@wilmerhale.com

Dated: January 5, 2012

/s/ Anne Shea Gaza
Frederick L. Cottrell, III (#2555)
Anne Shea Gaza (#4093)
Travis S. Hunter (#5350)
RICHARDS, LAYTON & FINGER, P.A.
920 N. King Street
One Rodney Square
Wilmington, DE 19801
(302) 651-7700
cottrell@rlf.com
gaza@rlf.com
hunter@rlf.com

*Attorneys for Defendant*
*Analog Devices, Inc.*

- 11 -

## CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2012, I caused to be served copies of the foregoing document in the manner indicated below and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following counsel of record:

Joseph James Farnan , III
Brian E. Farnan
Farnan LLP
919 North Market Street
12th Floor
Wilmington, DE 19801
(302) 777-0300
jjfarnan@farnanlaw.com
bfarnan@farnanlaw.com

*Attorneys for Plaintiff*
*Signal Tech LLC*

Daniel Kotchen
Daniel L. Low
Robert A. Klinck
Alicia Guiterrez
Kotchen & Low LLP
2300 M Street NW, Suite 800
Washington, DC 20037
(202) 416-1848
dkotchen@kotchen.com
dlow@kotchen.com
rklinck@kotchen.com
aguiterrez@kotchen.com

*Attorneys for Plaintiff*
*Signal Tech LLC*

*/s/ Anne Shea Gaza*
Anne Shea Gaza (#4039)
gaza@rlf.com