UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| SIGNAL TECH, LLC<br><br>  Plaintiff,<br><br>  v.<br><br>ANALOG DEVICES, INC.,<br><br>  Defendant. | C.A. No. 11-1073-RGA |

**SIGNAL TECH LLC'S OPPOSITION TO ANALOG DEVICES, INC.'S MOTION TO
TRANSFER VENUE TO THE DISTRICT OF MASSACHUSETTS**

FARNAN LLP
Brian E. Farnan (Bar No. 4089)
Rosemary J. Piergiovanni (Bar No. 3655)
919 North Market Street, 12th Floor
Wilmington, Delaware 19801
(302) 777-0300
(302) 777-0301 (Fax)
bfarnan@farnanlaw.com

*Attorneys for Signal Tech, LLC*

Dated:  January 23, 2012

# TABLE OF CONTENTS

NATURE AND STAGE OF PROCEEDINGS ........................................................................ 1

SUMMARY OF THE ARGUMENT ................................................................................... 1

STATEMENT OF FACTS .............................................................................................. 3

ARGUMENT ............................................................................................................. 4

    I.   The Private Interests Do Not Favor Transfer. ................................................................ 4

        A.   Factor 1 Weighs Against Transfer Because Signal Tech's Choice Of Venue Is Entitled To Paramount Consideration. .................................................................................. 5

        B.   Factor 2 Does Not Weight Heavily In Favor of Transfer Because Analog's Preference For The District Of Massachusetts Is Not Entitled To Considerable Weight. ............... 5

        C.   Factor 3 Weighs Against Transfer Because This Case Did Not Arise In Massachusetts ............................................................................................... 6

        D.   Factor 4 Is Neutral Because, In Light Of Its Resources, Litigating This Case In Delaware Will Not Present A Challenge For Analog. ................................................. 7

        E.   Factors 5 And 6 Weigh Against Transfer Because The Location Of Analog's Witnesses And Evidence Is Legally Irrelevant And There Is No Evidence That Third Parties Are Located in Massachusetts ......................................................................... 8

            i.   The Location Of Analog's Witnesses And Documents Does Not Support Transfer. .......................................................................................... 8

            ii.   There Is No Reason To Conclude That Massachusetts Will Be A More Convenient Forum For Third-Party Witnesses. ..................................................... 11

    II.   The Public Interests Weigh Overwhelmingly Against Transfer Because There Are Other Pending Actions In This District. .............................................................................. 12

        A.   Factors 8 And 9 Do Not Favor Transfer Because The Comparative Caseloads And Median Time To Disposition Are Irrelevant. .......................................................... 13

        B.   Factor 9's Consideration Of The Administrative Considerations Weighs Against Transfer Because Of The Related Actions Pending In This District ....................... 14

CONCLUSION ........................................................................................................... 17

## TABLE OF AUTHORITIES

**Cases**

*ADE Corp. v. KLA-Tencor Corp.,* 138 F. Supp. 2d 565 (D. Del. 2001).........................................12

*Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192 (D. Del. 1998) ................................................8

*Aircraft Co. v. Reyno*, 454 U.S. 235 (1981) ................................................................................5

*Apple Inc. v. High Tech Computer Corp.,* No. 10-544-GMS, 2011 WL 143909
    (D. Del. Jan. 18, 2011) ..........................................................................................................15

*Cisco Systems, Inc. v. SynQor, Inc.*, No. 11-86, 2011 WL 1326062 (D. Del. Apr. 1, 2011) ........15

*Cypress Semiconductor Corp v. Integrated Circuit Sys., Inc.,* 2001 WL 1617186
    (D. Del Nov. 28, 2001) ..........................................................................................................12

*In re Aliphcom*, No. 971, 2011 WL 4630923 (Fed. Cir. Feb. 9, 2011) .........................................15

*In re Biosearch Techs., Inc.*, 2011 WL 6445102 (Fed. Cir. Dec. 22, 2011)...................................9

*In re Genentech, Inc.*, 566 F.3d 1338 (Fed. Cir. 2009) ............................................................9, 13

*In re TCW/Camil Holding L.L.C.*, No. 03-10717 et al., 2004 WL 1043193
    (D. Del. Apr. 30, 2004) ............................................................................................................7

*In re Transdata, Inc., Smart Meters Patent Litigation*, MDL No. 2309
    (JPML Dec. 13, 2011)............................................................................................................15

*In re Vistaprint Ltd.*, 628 F.3d 1342 (Fed. Cir. 2010) ........................................................4, 14, 15

*In re Webvention LLC ('294) Patent Litigation*, MDL No. 2294 (JPML Dec. 15, 2011).............15

*Intel Corp. v. Broadcom Corp.,* 167 F. Supp. 2d 692 (D. Del. 2001) ............................................7

*Intern. Microcircuits, Inc. v. Integrated Circuit Systems, Inc.*, No. 01-199-SLR, 2001 WL
    1617186  (D. Del. Nov. 28, 2001) ........................................................................................12

*Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3d Cir. 1995)................................................. passim

*Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*,
  507 U.S. 163 (1993) ................................................................................................16

*Mallinckrodt, Inc. v. E–Z–Em, Inc.,* 670 F.Supp.2d 349 (D. Del. 2009) .........................5

*Microsoft Corp. v. Geotag, Inc.*, No. 11-cv-175-RGA (D. Del. Jan. 13, 2012) .............8, 9, 13, 15

*Motorola Mobility, Inc. v. Apple Inc.*, Civ. No. 10-cv-867 (GMS) (D. Del. Jan. 5, 2012) .............6

*Shutte v. Armco Steel Corp.*, 431 F.2d 22 (3d Cir. 1970) .................................................4

*Signal Tech LLC v. Linear Technology Corporation*, No. 11-cv-01074-RGA ...........................2, 4

*Signal Tech LLC v. Maxim Integrated Products, Inc.*, No. 11-cv-01075-RGA ..........................2, 4

*Silver v. Sony Pictures Entertainment, Inc.*, 402 F.3d 881 (9th Cir. 2005) ...................................16

*Sunds Defibrator, Inc. v. Durametal Corp.*, 96-483-MMS, 1997 WL 74660
  (D. Del. Jan. 31, 1997) ............................................................................................12

*Teleconference Sys. v. Proctor & Gamble Pharms., Inc.*, 676 F. Supp. 2d 321
  (D. Del. 2009) .....................................................................................................6, 9

*Wacoh Co. v. Kionix Inc.*, No. 10-cv-617-RGA (D. Del. Jan. 9, 2012) .........................................6

## NATURE AND STAGE OF PROCEEDINGS

On November 2, 2011, Signal Tech LLC ("Signal Tech") filed this action, alleging that Analog Devices, Inc. ("Analog") infringes United States Patent No. 6,480,064, entitled "Method and Apparatus for an Efficient Low Voltage Switchable Gm Cell" ("the '064 Patent").   Analog filed an answer on January 5, 2012, and filed a motion seeking to transfer venue to the District of Massachusetts pursuant to 28 U.S.C. § 1404(a).

## SUMMARY OF THE ARGUMENT

Analog's motion to transfer venue should be denied.   Courts will not lightly disturb the venue chosen by the plaintiff and have noted that the plaintiff's choice of venue is a "paramount" consideration in deciding whether to transfer a case.   As the party seeking a transfer, Analog bears the burden of demonstrating that the private and public interests favor transferring this case strongly enough to overcome Signal Tech's initial choice of Delaware as the forum.   Analog has not met and cannot meet this burden.

First, the private interests do not favor transfer.   The parties clearly favor different venues, and Analog has not provided any evidence to support a conclusion that any other private factor favors transfer.   Analog's primary argument is that the relevant witnesses and evidence are more likely to be in Massachusetts than Delaware.   By and large, this argument is irrelevant because Analog focuses on its *own* employees and documents.   The law in the Third Circuit is clear – the location of witnesses and documents is relevant *only* where they would not be available in one of the chosen venues (*e.g.*, where third party witnesses would be within the subpoena power of only one venue).   This Court has explained that, as a result, the location of the employees of the parties is wholly irrelevant.   Thus, Analog's arguments about the location of its employees and documents are irrelevant.   But even if the location of Analog's employees

were legally relevant, Analog's broad assertions about the location of its employees generally are insufficient to demonstrate that the relevant employees are in Massachusetts. Moreover, the fact that Analog has previously chosen to initiate lawsuits in Delaware demonstrates that it does not consider litigating in Delaware to be a significant burden. Further, the third-party witnesses who are identifiable at this stage are not located in either Massachusetts or Delaware. As such, the location of the witnesses and documents does not support transferring this case to Massachusetts.

Second, the public interests weigh heavily against transferring this action. In addition to this action, there are two additional suits alleging infringement of the '064 Patent pending before this Court. *See Signal Tech LLC v. Linear Technology Corporation*, No. 11-cv-01074-RGA; *Signal Tech LLC v. Maxim Integrated Products, Inc.*, No. 11-cv-01075-RGA. It is well settled that there is a strong public interest in keeping these three cases pending before the same court to avoid conflicting decisions and to expedite the litigation. Both this Court and the Federal Circuit have considered the existence of related suits in deciding whether to transfer cases under Section 1404(a). Analog asserts without support or citation that this Court should disregard the co-pending actions because of the recently enacted America Invents Act. Analog's argument is wrong because it ignores the actual language of the America Invents Act.

Analog also argues that the public interest will be served by transferring this case in light of the heavier caseload before this Court as compared to the District of Massachusetts. This argument is without merit. To begin, separating the three cases alleging infringement of the '064 Patent cannot possibly lighten the caseload. Instead, separating the case will effectively multiply the overall caseload – requiring *both* this Court *and* the District of Massachusetts to litigate issues related to the '064 Patent. Moreover, the statistics about the median time to trial are irrelevant. The Federal Circuit and this Court have previously noted that these types of statistics

2

are conjectural and provide little basis for concluding that transfer is appropriate. The statistics are especially questionable here because of the considerable differences in the mix of cases handled by the courts (e.g., Delaware's considerably higher percentage of intellectual property cases). The statistics do not provide a basis to decide whether patent infringement suits generally take longer in one court or the other.

## STATEMENT OF FACTS

The United States Patent and Trademark Office ("PTO") issued the '064 Patent to Infineon Technologies AG ("Infineon") – a German entity – on November 12, 2002. *See* '064 Patent. The '064 Patent was invented by Sasan Cyrusian, who resides in California. *See id.* The application that resulted in the '064 Patent was prosecuted by attorneys at Brinks Hofer Gilson & Lione. *Id.* Brinks Hofer has offices in: Illinois, Indiana, Michigan, North Carolina, Utah, and the District of Columbia. *See* http://www.brinkshofer.com/firm_info/locations.

On April 12, 2011, Infineon assigned the '064 Patent to Commonwealth Research Group LLC ("CRG"). *See* Declaration of R. Klinck, Exhibit 1. Signal Tech was formed under Delaware law on September 13, 2011,[1] and CRG assigned the patent to Signal Tech on September 15, 2011. *See* Declaration of R. Klinck, Exhibit 2. Signal Tech's owners are located in the Washington, D.C. vicinity and in North Carolina. *See* Declaration of H. Kerner ¶¶ 1-2. Neither Signal Tech nor its owners have connections to Massachusetts. *See id.* ¶ 3.

Signal Tech identified a number of entities that appeared to be infringing the '064 Patent, including: Analog, Linear Technology Corporation ("Linear"), and Maxim Integrated Products,

---

[1] Analog makes much ado about Signal Tech's incorporation in Delaware. There is no need to even consider Signal Tech's place of incorporation in the context of this case, because the *Jumara* factors weigh clearly against transfer. Analog's focus on Signal Tech's incorporation undermines its arguments, as it highlights its inability to demonstrate that a transfer is warranted under the *Jumara* factors.

3

Inc. ("Maxim").  On November 2, 2011, Signal Tech filed this action and related actions against

Linear and Maxim, designating the cases as related because each case alleges infringement of the

'064 Patent.  *See Signal Tech LLC v. Linear Technology Corporation*, No. 11-cv-01074-RGA;

*Signal Tech LLC v. Maxim Integrated Products, Inc.*, No. 11-cv-01075-RGA.

On January 5, 2011, Analog filed its answer.  In its answer, Analog admits that it

manufactures and distributes products with the knowledge that they will be sold and used in

Delaware. *See* Analog Answer ¶¶ 5-6.

## ARGUMENT

Analog's motion to transfer should be denied.  The venue transfer statute provides: "For

the convenience of parties and witnesses, in the interest of justice, a district court may transfer

any civil action to any other district or division where it might have been brought."  28 U.S.C.

§ 1404(a).  The Third Circuit has explained that the party seeking to transfer a case bears a heavy

burden:  "The burden of establishing the need for transfer still rests with the movant.  And, in

ruling on defendants' motion the plaintiff's choice of venue should not be lightly disturbed."  *See*

*Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995).[2]  Thus, "unless the balance of

convenience strongly favors a transfer in favor of [the] defendant, the plaintiff's choice of forum

should prevail."  *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970).  In analyzing a

motion to transfer, courts consider whether the "private interests" or "public interests" favor

transfer sufficiently to overcome the presumption that the plaintiff's choice of venue will prevail.

*See id.*  Here, the balancing of these factors does not support transfer.

### I.    The Private Interests Do Not Favor Transfer.

The Third Circuit has noted six private interests that are potentially relevant to a motion

---

[2] Because Section 1404(a) applies to all federal court litigation, the decisions of the Third Circuit
are controlling. *See In re Vistaprint Ltd*, 628 F.3d 1342, 1344 (Fed. Cir. 2010).

to transfer venue:  (1) plaintiff's choice of forum, (2) defendant's forum preference, (3) whether the claim at issue arose elsewhere, (4) the convenience of the parties as measured by their relative physical and financial condition, (5) the convenience of witnesses to the extent that some witnesses would be unavailable in one venue, and (6) the location of books and records if they would be unavailable in one venue.  *See Jumara*, 55 F.3d at 879.  Here, the private interests do not favor transfer because the only relevant factors are the offsetting preferences of the parties and the relative resources of Analog.  Analog mistakenly asserts that factors 3, 5, and 6 weigh in favor of transfer, but its arguments are contrary to the legal standards.

### A. Factor 1 Weighs Against Transfer Because Signal Tech's Choice Of Venue Is Entitled To Paramount Consideration.

A plaintiff's choice of forum "should rarely be disturbed."  *Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (U.S. 1981).  Indeed, a plaintiff's choice of forum is a paramount consideration. *Shutte*, 431 F.2d at 25.  Moreover, Signal Tech has legitimate reasons for selecting Delaware as its preferred forum.  The defendants in the two related cases pending in this Court are incorporated in Delaware and Delaware is a convenient, centralized forum to litigate the common issues of law and fact that permeate Signal Tech's allegations against the three defendants.  *See, e.g., Mallinckrodt, Inc. v. E–Z–Em, Inc.,* 670 F.Supp.2d 349, 357 (D. Del. 2009) (recognizing that it is legitimate to sue a Delaware corporation in its place of incorporation).  Accordingly, Signal Tech's legitimate choice of forum is entitled to paramount consideration.

### B. Factor 2 Does Not Weight Heavily In Favor of Transfer Because Analog's Preference For The District Of Massachusetts Is Not Entitled To Considerable Weight.

Through its motion to transfer, Analog has expressed its preference to litigate this case in Massachusetts.  That preference is not entitled to "paramount consideration," and in this case,

Analog's forum preference is entitled to little, if any, weight because, as Analog concedes, it has

filed other suits (or willingly defended such suits) in this District.  Analog's *choice* to litigate in

this Court in other contexts undercuts its assertion that it would be inconvenient to litigate this

case in this Court.  *See Motorola Mobility, Inc. v. Apple Inc.*, Civ. No. 10-cv-867 (GMS) at n. 2

(D. Del. Jan. 5, 2012) ("Apple's argument that this case should not be tried in Delaware for

reasons of forum non conveniens fails to persuade the court and, in fact, strikes it as

disingenuous.  Specifically, as Apple, the plaintiff, and the court are well aware, Apple has filed

patent infringement actions in Delaware . . . the court urges Apple and other parties to refrain

from extending their advocacy to arguments that, as was the case here, appear less than

forthright.").  Accordingly, Analog's choice of forum does not advance its burden of justifying a

transfer.

### C. Factor 3 Weighs Against Transfer Because This Case Did Not Arise In Massachusetts.

Analog's assertion that this case "arose" in Massachusetts is directly contrary to the

controlling law.  This Court has previously noted that patent infringement claims do not arise in

any single location.  *See Teleconference Sys. v. Proctor & Gamble Pharms., Inc.*, 676 F. Supp.

2d 321, 331 (D. Del. 2009).  Instead, patent infringement claims arise anywhere that an

infringing product is made, sold, offered for sale, or used.  Here, the infringement occurs as a

result of sales of Analog products across the nation and the subsequent use of those products.  As

such, Signal Tech's claims do not arise in any one location.  Moreover, in light of Analog's

admission that it distributes products that are sold, offered for sale, and used in Delaware, the

claims arise – at least in part – in Delaware.  *See* Analog's Answer ¶¶ 5-6.  Accordingly, Analog

cannot demonstrate that this factor strongly weighs in favor of a transfer.   *See Wacoh Co. v.*

*Kionix Inc.*, No. 10-cv-617-RGA, Memorandum Opinion at 7 (D. Del. Jan. 9, 2012) (Decl. of R.

Klinck, Exhibit 3) (concluding that "where the claims arose" does not add any independent weight to what is already taken into account by the other *Jumara* factors, where the accused product is sold worldwide).[3]

### D. Factor 4 Is Neutral Because, In Light Of Its Resources, Litigating This Case In Delaware Will Not Present A Challenge For Analog.

Under the *Jumara* factors, the "convenience of the parties" is not assessed according to the parties' location or their principal places of business. Rather, the "convenience of the parties" is considered in the context of "their relative physical and financial condition." *Jumara*, 55 F.3d at 879. Accordingly, a defendant seeking a transfer must do more than merely show that another forum is more convenient; instead, "[i]t is a defendant's responsibility to prove that litigating in the plaintiff's forum 'would pose a unique or unusual burden on its operations.'" *In re TCW/Camil Holding L.L.C.*, No. 03-10717 et al., 2004 WL 1043193, at *1 (D. Del. Apr. 30, 2004) (citations omitted). As this Court stated in denying a motion to transfer in *Intel Corp. v. Broadcom Corp.*

> [Defendant] is a multi-billion dollar company that does business on an international scale. Furthermore, the conveniences of modern travel and communication technology have made it more difficult to argue that litigating in a particular forum is inconvenient for the parties and witnesses. Therefore, to meet its burden [defendant] must 'establish that litigating this case in Delaware will pose a 'unique or unusual burden' on [its] business operations.'

167 F. Supp. 2d 692, 706 (D. Del. 2001) (citations omitted).

Here, Analog has not demonstrated that litigating this case in Delaware would pose a significant burden on it. Analog is a multinational corporation and its stock is listed among the S&P 500. *See* Declaration of R. Klinck, Exhibit 4 at 2. For the fiscal year ending October 29,

---

[3] Notably, Analog does not even offer evidence to support the conclusion that the accused products were developed in Massachusetts. Instead, Analog states that the accused products were developed in *either* Massachusetts *or* California. *See* Fiorillo Decl. ¶ 7.

2011, Analog had revenues of nearly $3 billion. *See id.* at 27.  In light of these facts, Analog cannot legitimately assert that litigating this case in Delaware will present a unique or unusual burden on its business operation.[4]   Accordingly, Analog cannot demonstrate that this factor weighs in favor of a transfer.

### E. Factors 5 And 6 Weigh Against Transfer Because The Location Of Analog's Witnesses And Evidence Is Legally Irrelevant And There Is No Evidence That Third Parties Are Located in Massachusetts.

Analog incorrectly asserts that the location of the witnesses and evidence supports transfer.  The Third Circuit has expressly instructed that the convenience of witnesses is *only* to be considered to the extent that a witness would be unavailable for trial in the fora.  *Jumara*, 55 F.3d at 879; *cf. Microsoft Corp. v. Geotag, Inc.*, No. 11-cv-175-RGA, Memorandum Opinion at 6 (D. Del. Jan. 13, 2012) (Decl. of R. Klinck, Exhibit 5) (noting that the location of witnesses and documents added little to the analysis because there was no evidence of witnesses or documents that would be available in one forum but not the other).  Analog has not offered any evidence demonstrating that a relevant witness or document would be unavailable in Delaware, and therefore, this factor does not weigh in favor of a transfer.

#### i.   The Location Of Analog's Witnesses And Documents Does Not Support Transfer.

As a matter of law, the location of witnesses employed by and documents maintained by Analog is irrelevant.  *See Jumara*, 55 F.3d at 879.  Because a party is able to, and indeed, has an obligation to produce its employees, this Court has explained that the location of party witnesses (including employees of the party) is irrelevant to the transfer analysis.  *See Affymetrix, Inc. v.*

---

[4] In light of the fact that Analog's employees would be deposed where they reside, the venue of the suit will have little, if any, impact on Analog's business operations during the pretrial phase. Because Analog has not identified the employees involved in developing the accused products, it is impossible to identify where the employees most likely to testify at trial are located.

*Synteni, Inc.*, 28 F. Supp. 2d 192, 203 (D. Del. 1998).[5]   The same logic would apply to documents maintained by the parties because Analog has made no showing that these documents would be unavailable in this forum.[6]

Analog cites two Federal Circuit cases that stated that the location of the infringer's documents is relevant. *See* Opening Brief at 8. Each of those cases was an appeal from a decision by a district court in the Eastern District of Texas. *See In re Genentech, Inc.*, 566 F.3d 1338, 1340 (Fed. Cir. 2009); *In re Biosearch Techs., Inc.*, 2011 WL 6445102, at *1 (Fed. Cir. Dec. 22, 2011). The Federal Circuit was applying the Fifth Circuit's standard rather than the standard the Third Circuit set out in *Jumara*. As such, those decisions are not relevant here. *See Microsoft Corp.*, No. 1:11-cv-175-RGA, Memorandum Opinion at 12-13 n.13 (D. Del. Jan. 13, 2012 (noting that the Federal Circuit opinions arising from the Fifth Circuit region are not controlling because the Third Circuit and Fifth Circuit have adopted different standards for reviewing motions to transfer). Thus, Analog may not rely upon the location of its own witnesses and documents to support transfer.

Even if Analog could rely upon the location of its employees and documents to support transfer, the facts do not support its assertion that the likely Analog witnesses are in Massachusetts. Analog asserts: (1) that the majority of its officers are located in Massachusetts,

---

[5] The court also explained that the location of potential expert witnesses is likewise irrelevant to the analysis. *See id.*

[6] Although Analog does not directly address this issue, it cited a single District of Delaware case that suggests that the location of witnesses and documents is relevant even if the witnesses and documents could be made available in the current forum. *See Teleconference Sys.*, 676 F. Supp. 2d at 334. The visiting magistrate judge who decided that case disregarded the Third Circuit's express limitation on this factor in *Jumara* in favor of the general proposition that transfer should be broadly and flexibly considered. *Jumara*'s express statements regarding the relevance of the location of witnesses and documents should not be disregarded in favor of its more general statements.

(2) that it designed the accused product in *either* Massachusetts *or* California, and (3) that the documents are located primarily in Massachusetts. These arguments are not entitled to considerable weight. Because Analog does not explain what relevant information its officers are likely to have, their location is irrelevant. Similarly, because Analog is unwilling to state definitively that the accused products were developed in Massachusetts – instead stating that they were developed either there or in California – there is no basis to conclude that the witnesses will ultimately be in Massachusetts.

Moreover, the evidence that is independent of this litigation suggests that Analog develops transconductance related products throughout its facilities in the United States and Europe. According to its filings with the Securities Exchange Commission ("SEC"), Analog conducts research and development, product testing, and manufacturing in the following locations: (1) California, (2) Massachusetts, (3) North Carolina, (4) Ireland, and (5) the Philippines. *See* Declaration of R. Klinck, Exhibit 4 (Analog Form 10-K). Based on Analog's patents and patent applications, it appears that all three facilities in the United States and the facility in Ireland are involved in the development of "transconductance" products – the products at issue here. As set forth in the attached Declaration of Robert Klinck, Analog is the initial assignee of 21 patents that include the word "transconductance" in the title. *See* R. Klinck Decl. ¶ 5. There are 3 additional patent application documents for which Analog is listed as the assignee that contain "transconductance" in the title. *See id.* In all, there are 25 inventors listed on these documents. *Id.* Less than one-third of the inventors are listed as residing in Massachusetts. *See id.* The other inventors are listed as residing in: Arizona, California, Colorado, New Hampshire, North Carolina, Oregon, Germany, Great Britain, and Ireland. *Id.* And a significant number of the inventors reside in either California or North Carolina. *See id.*

In light of the patents and Analog's own admissions in its SEC filings, there is no reason to conclude that the majority of (or even the plurality of) the relevant Analog employees will reside in Massachusetts.[7]

ii.   **There Is No Reason To Conclude That Massachusetts Will Be A More Convenient Forum For Third-Party Witnesses.**

Analog suggests that Massachusetts is likely to be a convenient forum for third party witnesses. However, Analog does not identify any specific witnesses it has in mind, let alone what their testimony would be or how it would be relevant to this litigation, and Signal Tech is not aware of any likely witnesses in Massachusetts. In fact, neither the inventor of the '064 Patent nor the attorneys who prosecuted the patents is located in Massachusetts. Similarly, none of the prior art cited by the patent examiners (either patents or non-patent literature) has any ties to Massachusetts. Thus, none of the currently identified third-party witnesses has any connection to Massachusetts. As such, this factor does not weigh in favor of transfer. *See Affymetrix*, 28 F. Supp. 2d at 205 (giving "no weight" to the "numerous unnamed individuals possibly residing in Silicon Valley who might possess some knowledge about either the prior art or the underlying facts giving rise to this lawsuit" and concluding that "the complete lack of specificity with which these witnesses were identified and the absence of adequate information with respect to the content and materiality of their testimony" gave the Court "no other choice

---

[7] Analog also attempts to rely upon the location of its documents to support transfer. Analog's documents would clearly be available regardless of the venue, meaning that their location is irrelevant to the analysis under *Jumara*. Indeed, this Court has concluded that the location of the documents of the parties "adds very little to the balancing" because the documents are available in either venue. *See Microsoft Corp.*, No. 1:11-cv-175-RGA, Memorandum Opinion at 6 (D. Del. Jan. 13, 2012). This decision makes good sense in light of the realities of litigation. Litigants now generally produce documents electronically, making their original location largely irrelevant. Whether Analog's documents are located in Massachusetts or elsewhere, its counsel will collect them and produce electronic copies to Signal Tech. Analog does not explain how producing documents for a case pending in Massachusetts would be more convenient than producing the same documents for a case pending in Delaware.

but to discount them") (citations and internal quotations omitted).[8]

Analog argues that Massachusetts will be more convenient by pointing out that there are more patents that include the word "transconductance" with an inventor from Massachusetts than from Delaware. This fact, while true, is irrelevant. The relevant inquiry is whether there are likely third-party witnesses who reside in Massachusetts. In fact, the vast majority of issued patents that contain the word "transconductance" do not include an inventor from Massachusetts. *See* Declaration of R. Klinck ¶ 3 (noting that there are 13,549 such patents and only 550 include an inventor from Massachusetts); *cf. id.* ¶ 4 (noting that there are 372 issued patents with transconductance in the title and only 3 such patents that are not owned by Analog include an inventor from Massachusetts). In reality, there is no reason to conclude that any of the third-party witnesses who will testify in this case will have any connection to Massachusetts. Analog's attempt to argue to the contrary based upon citation to statistics is without merit. As such, Analog has not demonstrated that this factor weighs in favor of transfer.

## II.     The Public Interests Weigh Overwhelmingly Against Transfer Because There Are Other Pending Actions In This District.

The Third Circuit has noted six public interest factors that are potentially relevant to the transfer analysis: (7) the enforceability of the judgment, (8) practical considerations that might make trial easy, expeditious, or inexpensive, (9) the relatively administrative difficulty arising

---

[8] *See also Cypress Semiconductor Corp v. Integrated Circuit Sys., Inc.,* 2001 WL 1617186 (D. Del Nov. 28, 2001)*, Intern. Microcircuits, Inc. v. Integrated Circuit Systems, Inc.*, No. 01-199-SLR, 2001 WL 1617186, at *4 (D. Del. Nov. 28, 2001) (noting that defendant failed to identify any evidence or documents that would be difficult to transport to Delaware); *ADE Corp. v. KLA-Tencor Corp.,* 138 F. Supp. 2d 565, 570-71 (D. Del. 2001) (defendants' arguments about residence of certain non-party witnesses not entitled to "much weight" where defendants failed to establish what testimony they would offer and why they would be critical witnesses); *Sunds Defibrator, Inc. v. Durametal Corp.*, No. 96-483-MMS, 1997 WL 74660, at *3 (D. Del. Jan. 31 1997) (convenience of former employees does not weigh in favor of transfer where defendant "has not indicated these witnesses will not testify if the trial takes place in Delaware, nor has it explained the essential nature of their testimony").

from court congestion, (10) the local interest in deciding local controversies, (11) the public policies of the fora, and (12) the familiarity of the trial judge with state law in a diversity case. *See Jumara*, 55 F.3d at 879-80.[9]  By and large, these identified public interests are irrelevant.  In fact, Analog cites only to factors 8 and 9.  By omitting discussion of the remaining public interest factors, Analog concedes that it cannot demonstrate that those factors weigh in favor of a transfer.  As to factors 8 and 9, Analog has not provided any evidence to support its assertions.  Moreover, in this case, there is a strong public interest in not transferring the case because of the co-pending actions alleging infringement of the same patent.

### A. Factors 8 And 9 Do Not Favor Transfer Because The Comparative Caseloads And Median Time To Disposition Are Irrelevant.

Analog cites the caseload statistics and the average time to disposition as a basis for transferring this action to Massachusetts.[10]  These statistics do not support transfer.  The Federal Circuit has previously noted that the types of statistics Analog relies upon are the most "speculative" factor to consider in deciding whether to transfer.  *See In re Genentech, Inc.*, 566 F.3d 1338, 1347 (Fed. Cir. 2009).  This Court has similarly noted that making a decision about the "time-to-trial" in two fora would amount to "a guess as to which District would offer the better chance for a quicker resolution."  *Microsoft Corp.*, No. 11-cv-175-RGA, Memorandum Opinion at 7 (D. Del. Jan. 13, 2012).  Under these cases, the statistics cited by Analog are insufficient – standing alone – to demonstrate that factors 8 and/or 9 favor transfer.

---

[9] Signal Tech has adopted the numbering of the interests that this Court has utilized in its recent opinions. *See, e.g., Microsoft Corp.*, No. 1:11-cv-175-RGA, Memorandum Opinion at 3 (D. Del. Jan. 13, 2012).

[10] The Federal Circuit's decisions have collapsed the "court congestion" factor with an analysis of the time to trial, which is part of factor 8. *See In re Genentech*, 566 F.3d 1338 (Fed. Cir. 2009) (discussing statistics regarding the time to trial under the guise of court congestion). Moreover, Analog does not distinguish between factors 8 and 9 with respect to these statistics. As such, Signal Tech will address these factors together.

Even if statistics were relevant, the numbers cited by Analog are irrelevant because they related to *all* cases rather than patent cases. When only patent cases are considered, the statistics suggest that patent cases reach final disposition, whether by trial or otherwise, more expeditiously in the District of Delaware than in the District of Massachusetts. *See* Mark Lemley, "Where to File Your Patent Case," 38 AIPLA Quarterly Journal 401, 416-17 (2010) (Decl. of R. Klinck, Exhibit 6) (showing that the average time to trial in Delaware patent cases is 2.03 years compared to 2.66 years in the District of Massachusetts); *see also id.* at 414-15 (showing that the average time to disposition – whether by trial or otherwise – in Delaware patent cases is 1.05 years as compared to 1.29 years for the District of Massachusetts). Thus, if anything, the statistics about the average time to trial weigh against transfer.

Analog's attempt to rely upon congestion in the docket is particularly perplexing in light of the fact that it proposes that this Court transfer one of the three pending cases involving the '064 Patent. Thus, Analog proposes that *both* this Court *and* the District of Massachusetts should expend resources on cases involving the '064 Patent. While the absolute number of cases would not increase, Analog's proposal would result in a duplication of efforts and would – if anything – increase overall congestion in the courts. Thus, Analog cannot demonstrate that these factors favor transfer.

### B. Factor 9's Consideration Of The Administrative Considerations Weighs Against Transfer Because Of The Related Actions Pending In This District.

A paramount consideration in deciding whether to transfer a case is whether there is a related patent infringement suit in either the original jurisdiction or the proposed transferee Court. Courts have routinely considered the strong interest in consolidating or coordinating related cases before a single court. *See, e.g., In re Vistaprint Ltd.*, 628 F.3d 1342 (Fed. Cir.

14

2010) (holding that a district court properly considered a co-pending patent infringement suit in refusing to transfer case); *In re Aliphcom*, No. 971, 2011 WL 4630923, at *3-*4 (Fed. Cir. Feb. 9, 2011) (holding that district court properly considered a related suit pending in the transferee court in granting motion to transfer); *Apple Inc. v. High Tech Computer Corp.*, No. 10-544-GMS, 2011 WL 143909 (D. Del. Jan. 18, 2011) (denying motion to transfer in part as a result of related cases pending in district); *Cisco Systems, Inc. v. SynQor, Inc.*, No. 11-86, 2011 WL 1326062, at (D. Del. Apr. 1, 2011) (relying upon existence of related patent infringement suit in transferee district in granting motion to transfer); *Microsoft Corp.*, No. 11-cv-175-RGA, Memorandum Opinion at 9-10 (D. Del. Jan. 13, 2012) (noting that co-pending patent suits should be consolidated before a single judge to the extent possible).  These decisions make good sense. There is a strong public interest in judicial efficiency, which is best served by having related cases handled by a single court.  In the context of patent infringement suits, coordination of related cases is especially important to avoid divergent rulings between courts (e.g., different claim constructions).[11]

Here, Signal Tech has filed patent infringement suits related to the '064 Patent against three defendants (Analog, Linear, and Maxim) in this District.  There is a strong public interest in keeping these cases pending before a single court to avoid the possibility of conflicting decisions.  Moreover, keeping the cases in a single district will allow for the coordination of discovery efforts in the cases, thereby serving the convenience of the witnesses (e.g., avoiding

---

[11] Notably, the United States Judicial Panel on Multidistrict Litigation has frequently created MDL courts to coordinate pre-trial litigation for patent infringement suits pending in multiple districts.  *See, e.g., In re Transdata, Inc., Smart Meters Patent Litigation*, MDL No. 2309 Transfer Order (JPML Dec. 13, 2011); *In re Webvention LLC ('294) Patent Litigation*, MDL No. 2294 Transfer Order (JPML Dec. 15, 2011).  In establishing these MDL courts, the JPML has concluded that consolidating the cases will serve the convenience of the parties and witnesses and be in the interest of justice – the same standard as set forth in Section 1404(a).

multiple depositions).

Analog suggests that this Court should not consider the co-pending cases because of the recently enacted America Invents Act. This argument is wholly without merit. The America Invents Act does not prohibit the coordination of multiple cases arising from a single patent. Instead, the Act prohibits only two things: (1) joinder of multiple defendants in a single action based solely upon their alleged infringement of a single patent and (2) consolidating multiple cases *for trial* based solely upon an allegation that each defendant infringes a single patent. *See* 35 U.S.C. § 299. The Act does not address how courts should handle the *pretrial* stages of proceedings (e.g., consolidating or coordinating multiple cases), and this silence must be understood as an intentional choice by Congress. *See Silver v. Sony Pictures Entertainment, Inc.*, 402 F.3d 881, 885 (9th Cir. 2005) ("The doctrine of *expressio unius est exclusio alterius* as applied to statutory interpretation creates a presumption that when a statute designates certain persons, things, or manners of operation, all omissions should be understood as exclusions."); *see also Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993) (applying *expressio unius est exclusio alterius* to conclude that the inclusion of specific claims subject to a heightened pleading standard in Rule 9(b) precluded a finding that a heightened standard should apply to claims not included). Accordingly, nothing in the America Invents Act prevents this court from consolidating the three co-pending actions alleging infringement of the '064 Patent for pretrial proceedings.

## CONCLUSION

For the reasons set forth above, Analog's motion to transfer venue should be denied.

Respectfully submitted,

FARNAN LLP

By:   /s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
Rosemary J. Piergiovanni (Bar No. 3655)
919 North Market Street, 12th Floor
Wilmington, Delaware 19801
(302) 777-0300
(302) 777-0301 (Fax)
bfarnan@farnanlaw.com

OF COUNSEL:
Daniel Kotchen
Daniel L. Low
Robert A. Klinck
Alicia Gutierrez
KOTCHEN & LOW LLP
2300 M Street NW, Suite 800
Washington, DC  20037
Telephone:  (202) 416-1848
Facsimile:  (202) 280-1128
dkotchen@kotchen.com

*Attorneys for Signal Tech, LLC*