IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| SIGNAL TECH, LLC, | ) | |
| Plaintiff | ) | |
| v. | ) | C. A. No. 11-1073-RGA |
| ANALOG DEVICES, INC., | ) | |
| Defendant. | ) | |

## DEFENDANT ANALOG DEVICES, INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO TRANSFER VENUE TO THE DISTRICT OF MASSACHUSETTS

*Of Counsel:*

Wayne L. Stoner
Larissa Bifano Park
Sydenham B. Alexander, III
Robert K. Smith
WILMER CUTLER PICKERING
    HALE and DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000
wayne.stoner@wilmerhale.com
larissa.park@wilmerhale.com
sandy.alexander@wilmerhale.com
robert.smith@wilmerhale.com

Dated:  February 2, 2012

Frederick L. Cottrell, III (#2555)
Anne Shea Gaza (#4093)
Travis S. Hunter (#5350)
RICHARDS, LAYTON & FINGER, P.A.
920 N. King Street
One Rodney Square
Wilmington, DE 19801
(302) 651-7700
cottrell@rlf.com
gaza@rlf.com
hunter@rlf.com

*Attorneys for Defendant
Analog Devices, Inc.*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... ii

INTRODUCTION ...............................................................................................1

ARGUMENT .......................................................................................................1

I.      Signal Tech Admits That This Lawsuit Has No Connection To Delaware Other
        Than That Signal Tech Chose to File Suit Here ..................................................1

II.     When The Plaintiff's Suit Has No Substantive Connection To Its Chosen Forum,
        The Plaintiff's Choice of Venue Is Not Entitled to "Paramount Consideration" ................2

III.    Signal Tech Cannot Avoid Transfer Merely by Filing Other Cases In This District ..........3

IV.     Signal Tech's Claim Arose In Massachusetts or California, Not Delaware .......................5

V.      That The Majority of Relevant Witnesses And Records Are Located In
        Massachusetts And Not Delaware Is Relevant ..................................................5

VI.     That ADI Has Previously Litigated In Delaware Is Not Determinative Of Transfer ..........6

CONCLUSION.....................................................................................................8

RLF1 5801124v. 1

# TABLE OF AUTHORITIES

Federal Cases

*Gian Biologics, LLC v. Biomet Inc.*,
No. 10-865-LPS, 2011 WL 2470636 (D. Del. June 21, 2011) .................................................. 2

*In re Link_A_Media Devices Corp.*,
662 F.3d 1221 (Fed. Cir. 2011) (per curiam)............................................................... 2, 3, 4, 5

*In re Microsoft Corp.*,
630 F.3d 1361 (Fed. Cir. 2011)................................................................................................ 2, 3

*Intellectual Ventures I LLC v. Altera Corp.*,
No. 10-1065-LPS (D. Del. Jan 24, 2012) ................................................................................ 3, 4

*Mallinckrodt Inc. v. E-Z-Em, Inc.*,
670 F. Supp. 2d 349 (D. Del. 2009).............................................................................................. 3

*Motorola Mobility, Inc. v. Apple Inc.*,
No. 10-867-GMS (D. Del. Jan. 5, 2012)....................................................................................... 7

*Shutte v. Armco Steel Corp.*,
431 F.2d 22 (3d Cir. 1970).......................................................................................................... 3

*Teleconference Sys. v. Proctor & Gamble Pharm., Inc.*,
676 F. Supp. 2d 321 (D. Del. 2009)........................................................................................ 6, 7

*Wacoh Co. v. Kionix, Inc.*,
No. 10-617-RGA, 2012 WL 70673 (D. Del. Jan. 9, 2012)................................................. 2, 5, 6

Federal Statutes

35 U.S.C. § 299.......................................................................................................................... 4

RLF1 5801124v. 1

## INTRODUCTION

Signal Tech, LLC's ("Signal Tech") Brief in Opposition to Analog Devices, Inc.'s ("ADI") Motion to Transfer admits that this lawsuit has no connection to Delaware other than that Signal Tech chose to file suit here. Ignoring recent decisions of this Court and the Federal Circuit applying Third Circuit law, Signal Tech fails to demonstrate that its choice of forum is entitled to overriding deference, or that any private and public interests weigh against transfer. For the interest of justice and convenience of the parties and witnesses, ADI respectfully requests that this case be transferred to the District of Massachusetts, where ADI has long been incorporated and headquartered.

## ARGUMENT

### I. Signal Tech Admits That This Lawsuit Has No Connection To Delaware Other Than That Signal Tech Chose to File Suit Here

Signal Tech does not dispute that this lawsuit has no substantive connection to Delaware. As Signal Tech admits, the one patent in suit, United States Patent No. 6,480,064 ("the '064 Patent"), was invented by a California resident. (D.I. 14 at 3.) The California inventor then assigned the '064 Patent to Infineon, a German company. (*Id.*) Infineon then assigned the '064 Patent to Commonwealth Research Group, a Virginia company. (*Id.*) Commonwealth Research Group then assigned the '064 Patent to Signal Tech just two days after Signal Tech's incorporation, and just six weeks before this suit was filed. (*Id.*) The owners of Signal Tech are Herbert Kerner, a patent attorney resident in North Carolina, and other unnamed persons in "the Washington, D.C. area."[1] (D.I. 15 ¶¶ 1-2.) Signal Tech has no alleged place of business in Delaware, and no owners or employees of Signal Tech are alleged to live in Delaware. ADI is a

---

[1]     Kerner, Commonwealth Research Group's Director of Intellectual Property, signed the Assignment Agreement between Commonwealth Research Group and Signal Tech. (*See* D.I. 16, Ex. 1, at 4.) Kerner is also one of the owners of Signal Tech (D.I. 15 ¶ 1), so Kerner essentially assigned the '064 Patent to himself.

Massachusetts corporation that is currently and has been headquartered in Massachusetts since its founding, more than forty-six years ago. (D.I. 11 ¶ 2.) Even today, more than two thirds of ADI's North American workforce is located in Massachusetts. (D.I. 11 ¶ 4.) Signal Tech has not identified a single witness or relevant document located in Delaware. This action's sole connection to Delaware is Signal Tech's very recent incorporation here, which Signal Tech does not dispute was manufactured for purposes of commencing litigation. Signal Tech admits "there is no need to even consider" its place of incorporation in Delaware for the purposes of this motion. (D.I. 14 at 3 n.1.) By Signal Tech's own admission, therefore, this case has no substantive connection to Delaware.

## II.     When The Plaintiff's Suit Has No Substantive Connection To Its Chosen Forum, The Plaintiff's Choice of Venue Is Not Entitled to "Paramount Consideration"

Although certain cases have suggested that Plaintiff's choice of forum is of "paramount consideration," (D.I. 14 at 5), the Federal Circuit has recently cautioned courts against placing "too much weight on the plaintiff's choice of forum," especially, "where the choice of forum by a plaintiff has little connection with the operative facts of the lawsuit." *In re Link_A_Media Devices Corp.*, 662 F.3d 1221, 1223 (Fed. Cir. 2011) (per curiam) (granting mandamus favoring transfer) (applying Supreme Court and Third Circuit precedent); *see also Wacoh Co. v. Kionix Inc.*, No. 10-cv-617-RGA, 2012 WL 70673, at *7 (D. Del. Jan. 9, 2012) (granting a motion to transfer when "[t]he only connection to Delaware . . . is that it is the plaintiff's choice of forum") (citing *In re Link_A_Media*, 662 F.3d at 1224). That Signal Tech "took the extra step of incorporating" weeks before filing suit does not change the analysis. *See In re Microsoft Corp.*, 630 F.3d 1361, 1365 (Fed. Cir. 2011) (applying Supreme Court precedent); *see also Gian Biologics, LLC v. Biomet Inc.*, No. 10-865-LPS, 2011 WL 2470636, at *3 (D. Del. June 21, 2011) (ordering discovery into the circumstances in which the plaintiff incorporated in Delaware

and expressing "significant doubt as to whether this case should remain in Delaware"). *Cf.*
*Intellectual Ventures I LLC v. Altera Corp.*, No. 10-1065-LPS, slip op. at 12-13 (D. Del. Jan. 24,
2012) (Decl. of Robert K. Smith In Supp. Of Def. Analog Devices, Inc.'s Reply Br. In Supp. Of
Analog Devices, Inc.'s Mot. To Transfer ("Smith Decl.") ¶ 6, Ex. 6) (giving Delaware
corporation plaintiff's choice of forum deference where plaintiff "had a legitimate and rational
basis" for suing in Delaware).

Signal Tech makes no mention of *In re Link_A_Media* or *In re Microsoft* in its brief, but
instead relies on *Shutte v. Armco Steel Corp.*, 431 F.2d 22 (3d Cir. 1970) and *Mallinckrodt Inc. v.
E-Z-Em, Inc.*, 670 F. Supp. 2d 349 (D. Del. 2009). Those cases were different from this case. In
contrast to *In re Link_A_Media* and *In re Microsoft*, neither *Shutte* nor *Mallinckrodt* considered
facts analogous to this action. In *Shutte*, the plaintiff was a private citizen and long time resident
of the district where she chose to file suit. 431 F.2d at 25. In *Mallinckrodt*, there was no
indication that the plaintiff incorporated in Delaware for the sole purpose of bringing suit there:
Mallinckrodt, Inc. filed suit in 2009; it had incorporated in Delaware in 1985. (*See* Smith Decl. ¶
1, Ex. 1.)

The Court should look to the substance of the suit to ensure that "the purposes of
jurisdictional and venue laws are not frustrated by a party's attempt at manipulation." *In re
Microsoft Corp.*, 630 F.3d at 1364. Because Delaware has "little connection with the operative
facts of the lawsuit," Signal Tech's choice of forum is entitled to little weight. *See In re
Link_A_Media*, 662 F.3d at 1223.

## III.   Signal Tech Cannot Avoid Transfer Merely by Filing Other Cases In This District

Signal Tech suggests that because it also chose (as part of its effort to manufacture a
presence in Delaware) to sue two other (Delaware) companies in this Court at the same time it
sued ADI (incorporated in Massachusetts), there now exist "co-pending cases" that weigh

against transfer. (D.I. 14 at 15-16.) Merely because cases are "co-pending" does not mean that one of those cases cannot be transferred to another jurisdiction. Were that true, any plaintiff could eliminate the provisions of § 1404 merely by the expedient of filing additional allegedly related actions in the same court. Signal Tech's allegedly related suits are only "co-pending" in a technical sense—the defendants in those suits have not yet even responded to the complaints filed against them—and according to the docket, Maxim has not even been served with the complaint. (Smith Decl. ¶¶ 4-5, Ex. 4-5.) These other defendants, if and when they answer the complaints, may also seek transfer to a venue with a substantive connection to their litigations. Since this Court has not yet addressed any substantive patent issue in any of the cases, there is no guarantee that by retaining this action this Court will generate the alleged efficiencies Signal Tech asks the Court to consider.[2]

Finally, although transfer could potentially result in two different district courts dealing with the same patent, the America Invents Act ("AIA") contemplates that occurrence: Although unrelated cases under the same patent might be consolidated together for pretrial purposes, they are prohibited from being filed or tried together. *See* 35 U.S.C. § 299. Whether that is inefficient in some respects or not, that is the outcome Congress enacted by statute in the AIA.

---

[2]    Although Signal Tech draws attention to Linear Technology Corporation and Maxim Integrated Products, Inc.'s incorporation in Delaware (D.I. 14 at 5), that fact is not relevant to deciding this motion. The incorporation of a defendant in the plaintiff's chosen forum "is certainly not a dispositive fact in the venue transfer analysis." *In re Link_A_Media*, 662 F.3d at 1223-24. A defendant's state of incorporation is surely even less relevant when the defendant is not named in the action for which the transfer motion is brought.
    Furthermore, to the extent a defendant's state of incorporation merits consideration, *see Intellectual Ventures*, slip op. at 15-16 (holding that although the state of incorporation of the defendant seeking transfer is not dispositive, it is entitled to "substantial weight"), ADI's state of incorporation favors transfer: ADI is headquartered and incorporated in Massachusetts. (D.I. 11 ¶ 2.)

IV.     **Signal Tech's Claim Arose In Massachusetts or California, Not Delaware**

Signal Tech argues that ADI's assertion that this case "arose" in Massachusetts is "directly contrary to the controlling law." (D.I. 14 at 6.)  That is not true.  In a technical sense, any patent claim can be said to arise anywhere that an accused product is made, used or sold. But as this Court noted in *Wacoh*, "[t]o some extent, the claims arose where the allegedly infringing products were designed and manufactured." *Wacoh*, 2012 WL 70673, at *4.  In this case, the allegedly infringing products were designed and manufactured in Massachusetts, California, or overseas.  (D.I. 11 ¶¶ 7-8.)  No allegedly infringing products were designed or made in Delaware.  (*Id.*)  Therefore, the fact that allegedly infringing products were designed and made in Massachusetts weighs in favor of transfer.

V.      **That The Majority of Relevant Witnesses And Records Are Located In Massachusetts And Not Delaware Is Relevant**

Signal Tech argues that the location of ADI's witnesses and documents is "wholly" and "legally irrelevant." (D.I. 14 at 1, 8.)  That also is not true. *See In re Link_A_Media*, 662 F.3d at 1224 (applying factors five and six of the Third Circuit's *Jumara* factors); *see also Wacoh*, 2012 WL 70673, at *4 (holding that the location of present and former employees in defendants' preferred fora "favors transfer").  Although it is true that ADI's current employees are not physically "unavailable" in Delaware (in the sense that they can get on an airplane like anyone else), consideration of convenience is still "legally relevant" to the transfer inquiry. *See In re Link_A_Media*, 662 F.3d at 1224 ("While advances in technology may alter the weight given to [the location of witnesses and records], it is improper to ignore them entirely.").  Therefore, although possible that ADI employees or anyone else could travel to any forum, it would be more convenient for ADI employees to appear in, and ADI documents to be delivered to, a court in Massachusetts.

Signal Tech emphasizes that the allegedly infringing products were "developed in *either* Massachusetts *or* California." (D.I. 14 at 10.) (emphasis in original)   That does not support locating this litigation in Delaware.   Put simply, and undisputed by Signal Tech, relevant witnesses are more likely to be in Massachusetts, where ADI is headquartered and incorporated, than in Delaware.  *See Wacoh*, 2012 WL 70673, at *4 (noting that a defendant's "[e]mployees are, and ex-employees most likely would be, located" where the defendant is located).   Indeed, there is no evidence that Delaware would be a convenient forum for *any* witness.  Signal Tech has not identified a single witness or record  relevant to the merits of this action that is located in Delaware.  That "[P]laintiff has not identified a single material witness who resides in Delaware . . . is telling and weighs in favor of transfer." *Teleconference Sys. v. Proctor & Gamble Pharm., Inc.*, 676 F. Supp. 2d 321, 333 (D. Del. 2009); *see also Wacoh*, 2012 WL 70673, at *4 (quoting *Teleconference Sys.* with approval).

## VI.    That ADI Has Previously Litigated In Delaware Is Not Determinative Of Transfer

Signal Tech argues ADI's "*choice* to litigate in this Court in other contexts undercuts its assertion that it would be inconvenient to litigate this case in this Court." (D.I. 14 at 6.) (emphasis in original)  Signal Tech's argument is again misplaced.  As ADI indicated in its opening brief, ADI has previously litigated in Delaware three times. (D.I. 10 at 4 n.4.)  ADI was involuntarily named as a defendant in *Wacoh Co. v. Analog Devices Inc.*, No. 1:10-cv-00617-RGA (filed July 20, 2010), and was dismissed from that suit before this Court transferred the remaining action to California and New York.  *See Wacoh*, 2012 WL 70673, at *7 (granting transfer).  Over five years ago, ADI also sued a Delaware corporation, *see Analog Devices Inc. v. Linear Technology Corp.*, No. 1:06-cv-00346-GMS (filed May 25, 2006), and two years ago sued a Delaware corporation that had no known business presence in Massachusetts, *see Analog Devices Inc. v. Knowles Electronics LLC*, No. 1:09-cv-00826-GMS (filed Nov. 3, 2009).  ADI is

aware of no connection between the patent, products, or witnesses in those cases and this case, and Signal Tech points to none. Because transfer motions are decided on an "individualized, case-by-case consideration of convenience and fairness," without regard to past suits, ADI's prior litigation in Delaware has no impact on this motion. *See Teleconference Sys.*, 676 F. Supp. 2d at 335 (granting transfer).

Signal Tech's reliance on *Motorola Mobility, Inc. v. Apple Inc.*, Civ. No. 10-cv-867 (GMS), slip op. at 1 n.2 (D. Del. Jan. 5, 2012) (Smith Decl. ¶ 7, Ex. 7) is misplaced. First, confirming that transfer motions are decided on an "individualized, case-by-case consideration," the Court in *Motorola **granted*** Apple's motion to transfer in spite of Apple's prior litigation in Delaware. *Motorola*, slip op. at 1 n.2. Second, unlike ADI, Apple had litigated over *forty* suits in Delaware within the past ten years, filing five as plaintiff. (Smith Decl. ¶ 8.) Central to the Court's reasoning in *Motorola* was the fact that in certain of the actions Apple commenced as plaintiff, Apple argued to keep the actions in Delaware when the defendants moved to transfer them. *Motorola*, slip op. at 1 n.2.[3] Conversely, on the two (2) occasions that ADI brought suit in Delaware, ADI did not argue against any motions to transfer. (*See* Smith Decl. ¶¶ 2-3, Ex. 2-3.)

---

[3] The *Motorola* language quoted by Signal Tech leaves out the basis for the Court's opinion that Apple was less than forthright. (*See* D.I. 14 at 6.) The full quote reads:

> Apple's argument that this case should not be tried in Delaware for reasons of forum non conveniens fails to persuade the court and, in fact, strikes it as disingenuous. Specifically, as Apple, the plaintiff, and the court are well aware, Apple has filed patent infringement actions in Delaware, including, most recently, suits against High Tech Computer, Co. ("HTC"). *Moreover, Apple has argued to keep the HTC actions in Delaware despite HTC's motions to transfer in those cases.* Consequently, while Apple correctly identified in its Reply that "the strongest argument in favor of transfer is judicial efficiency," the court urges Apple and other parties to refrain from extending their advocacy to arguments that, as was the case here, appear less than forthright.

*Motorola*, slip op. 1 at n.2 (citations ommitted) (emphasis added).

## CONCLUSION

For the foregoing reasons, ADI respectfully requests that the Court transfer venue in this

case to the U.S. District Court for the District of Massachusetts.

*Of Counsel:*

Wayne L. Stoner
Larissa Bifano Park
Sydenham B. Alexander, III
Robert K. Smith
WILMER CUTLER PICKERING
  HALE and DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000
wayne.stoner@wilmerhale.com
larissa.park@wilmerhale.com
sandy.alexander@wilmerhale.com
robert.smith@wilmerhale.com


Dated:  February 2, 2012

Frederick L. Cottrell, III (#2555)
Anne Shea Gaza (#4093)
Travis S. Hunter (#5350)
RICHARDS, LAYTON & FINGER, P.A.
920 N. King Street
One Rodney Square
Wilmington, DE 19801
(302) 651-7700
cottrell@rlf.com
gaza@rlf.com
hunter@rlf.com

*Attorneys for Defendant*
*Analog Devices, Inc.*

RLF1 5801124v. 1

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2012, I caused to be served copies of the foregoing document in the manner indicated below and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following counsel of record:

Joseph James Farnan , III
Brian E. Farnan
Farnan LLP
919 North Market Street
12th Floor
Wilmington, DE 19801
(302) 777-0300
jjfarnan@farnanlaw.com
bfarnan@farnanlaw.com

*Attorneys for Plaintiff*
*Signal Tech LLC*

Daniel Kotchen
Daniel L. Low
Robert A. Klinck
Alicia Guiterrez
Kotchen & Low LLP
2300 M Street NW, Suite 800
Washington, DC 20037
(202) 416-1848
dkotchen@kotchen.com
dlow@kotchen.com
rklinck@kotchen.com
aguiterrez@kotchen.com

*Attorneys for Plaintiff*
*Signal Tech LLC*

/s/ *Travis S. Hunter*
Travis S. Hunter (#5350)
hunter@rlf.com