IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SIGNAL TECH, LLC, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 11-1073-RGA |
| ANALOG DEVICES, INC., | : |
| Defendant. | : |

## **MEMORANDUM OPINION**

Brian Farnan, Esq., Wilmington, Delaware; Robert Klinck, Esq. (argued), Washington, D.C., Attorneys for Plaintiff.

Frederick L. Cottrell, III, Esq., and Anne Shea Gaza, Esq., Wilmington, Delaware; Wayne Stoner, Esq. (argued), Boston, Massachusetts, Attorneys for Defendant.

April 3, 2012
Wilmington, Delaware

-1-

ANDREWS, U.S. DISTRICT JUDGE:

Signal Tech, LLC, a Delaware corporation, filed against three defendants in separate lawsuits on November 2, 2011, alleging patent infringement. The case against one defendant was voluntarily dismissed. Signal Tech v. Maxim Integrated Products, No. 11-1075. The case against a second defendant has moved more slowly, with the defendant recently filing a motion to transfer the case to the Northern District of California. Signal Tech v. Linear Technology Corp., No. 11-1074 (D.I. 10, filed March 23, 2012). The defendant in this case, Analog Devices, Inc., a Massachusetts corporation with its principal place of business in Norwood, Massachusetts (which is near Boston), filed both an answer (D.I. 8) and a motion to transfer to the District of Massachusetts. (D.I. 9). Signal Tech's patent (No. 6,480,064 – "Method and Apparatus for an Efficient Low Voltage Switchable Gm Cell") is alleged to have been infringed by various Analog products including the AD830 amplifier, the AD8370 amplifier, and the Zero-Drift Operational Amplifiers.

The statutory authority for transferring the case is § 1404(a) of Title 28, which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[1] Analog Devices has the burden of establishing the need for transfer. See Jumara v. State Farm

---

[1] Section 1404(a) was amended subsequent to the filing of the complaint, effective thirty days from December 11, 2011, the date of enactment. The amendment is not retroactive. Section 1404(a) now reads:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

-2-

*Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995).

The first question is, could the case have been brought in the Court to which transfer is sought? Either Analog's state of incorporation or the location of its principal place of business would have permitted it to be sued in the District of Massachusetts. Thus, since the defendant requests transfer to a court in which the case could have been brought against it, I must consider the merits of its arguments. The Third Circuit has set forth the framework for analysis:

> "[I]n ruling on defendants' motion the plaintiff's choice of venue should not be lightly disturbed."
>
> In ruling on § 1404(a) motions, courts have not limited their consideration to the three enumerated factors in § 1404(a) (convenience of parties, convenience of witnesses, or interests of justice), and, indeed, commentators have called on the courts to "consider all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." While there is no definitive formula or list of the factors to consider, courts have considered many variants of the private and public interests protected by the language of § 1404(a).
>
> The private interests have included: (1) plaintiff's forum preference as manifested in the original choice; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses-but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).
>
> The public interests have included: (7) the enforceability of the judgment; (8) practical considerations that could make the trial easy, expeditious, or inexpensive; (9) the relative administrative difficulty in the two fora resulting from court congestion; (10) the local interest in deciding local controversies at home; (11) the public policies of the fora; and (12) the familiarity of the trial judge with the applicable state law in diversity cases.

*Id.* at 879-80 (citations omitted and numbering added).

In my view, interest (1) supports the plaintiff's position that the case should not be

transferred. Interests (2) and (5) support the defendant's request to transfer the case. The other interests are either inapplicable to this case (7, 10, 11, 12), or applicable but pretty evenly-balanced as to which side they support (3, 4, 6, 8, and 9).

Plaintiff has chosen Delaware as a forum. That choice weighs strongly in the plaintiff's favor, although not as strongly as it would if the plaintiff had its principal place of business (or, indeed, any place of business) in Delaware. *See Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970) ("plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request"); *Pennwalt Corp. v. Purex Industries, Inc.*, 659 F.Supp. 287, 289 (D.Del. 1986) (plaintiff's choice of forum not as compelling if it is not plaintiff's "'home turf'"). Signal Tech has no principal place of business. It was formed as a Delaware corporation on September 13, 2011. At oral argument, its counsel stated that it had no claim on Delaware as a venue based on its incorporation. Delaware is not the plaintiff's home turf.

Defendant Analog Devices prefers the District of Massachusetts, where it has its principal place of business. Massachusetts is also where two-thirds (2,200 of 3,200) of its U.S. employees work, and where all of its top U.S. management work.

Where the claims arose is not a factor that adds much to the balancing. To some extent, the claims arose where the allegedly infringing products were designed and manufactured. Analog states that the products were designed in Massachusetts and California. Analog states that the products were manufactured in Massachusetts or outside of the United States. At argument, counsel for Analog stated that Analog was a multi-billion dollar company (*see also* D.I. 16, Exh. 4, p.27 [$3 billion in 2011 revenue]), and thus it is apparent that the accused products are sold nationwide. It could be said that the claims have arisen wherever the products

are sold. *See In re Acer America Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010). On the whole, under the facts of this case, "where the claims arose" does not add any independent weight to what is taken into account by other factors.

The plaintiff has no employees. It appears to have a lawyer owner in North Carolina (D.I. 15) and two other owners/investors (D.I. 15; counsel's statement at argument) who live in or near Washington, D.C. The defendant has 3,200 U.S. employees and appears to have more employees outside of the United States. There is no reason to doubt that both parties can litigate in Delaware, Massachusetts, or any other U.S. venue. Therefore this factor does not carry significance in the analysis.

At this juncture, it's hard to tell who the witnesses might be. It seems likely that the bulk of the non-expert witnesses will be present or former employees of the defendant. *See In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) ("In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer."). Employees are, and ex-employees most likely would be, located in Massachusetts. No witnesses from Delaware (or the surrounding states) have been identified, and it is unlikely that any such witnesses exist. *See Teleconference Sys. v. Proctor & Gamble Pharm., Inc.*, 676 F.Supp. 2d 321, 332 (D.Del. 2009) ("The fact that plaintiff has not identified a single material witness who resides in Delaware rather than [the location to which transfer is sought] is telling and weighs in favor of transfer."). The defendant's employees will be available in whichever forum a trial is held. Ex-employees (and, with the passage of time from now until trial, it is possible, if not probable, that some employees will become ex-employees) would not be subject to this Court's subpoena power, but would stand a much better chance of continuing to be subject to the subpoena power in the

District of Massachusetts. The patent's inventor, as of 2002, was in Scotts Valley, California, and thus, if still there, would not be subject to subpoena in either venue. Thus, the "convenience of the witnesses" slightly favors transfer.

Similarly, it's hard to tell where most of the books and records would be. It seems likely that the bulk of them would be in Massachusetts and California. *See In re Genentech, Inc.*, 566 F.3d at 1345. No books or records are in Delaware. The only identified holder of records is the defendant, and its records will be able to be produced in whichever forum has the case. In any event, there are no records identified as only being available in one of the two locations. Thus, under Third Circuit law, which I must follow,[2] the location of the books and records is a neutral factor.

Enforceability of the judgment is not an issue.

Practical considerations that could make the trial easy, expeditious, or inexpensive are somewhat mixed. On the one hand, it seems clear that it would be less expensive for the defendant to litigate where its operations are. It would also interfere less with the defendant's business operations if there were no travel to Delaware involved. Defendant is represented by Boston counsel, for whom the District of Massachusetts would undoubtedly be more convenient. On the other hand, Plaintiff's lead counsel is from Washington, D.C., and the District of Delaware would be more convenient for its counsel. In thinking about the overall expense of litigation, it seems like it would be marginally, but probably not significantly, less in

---

[2] While there is a paragraph in *In re Link_A_Media Devices Corp.*, 662 F.3d 1221, 1224 (Fed. Cir. 2011), about "the convenience of the witnesses and the location of the books and records," I do not understand the Federal Circuit to have altered the Third Circuit's focus on the issue being not so much where the witnesses and evidence are, but whether they can be produced in court.

Massachusetts. While there are assertions about the caseloads and time-to-trial in both venues, the presentations do not persuade me that I can safely come to any conclusion as to which location would be more expeditious. *See id.* at 1347.

The relative administrative difficulty due to court congestion is also difficult to assess. I do not believe that the analyses of caseloads have been presented in a way that allows for any meaningful conclusion. *See id.* The presentation of information about civil caseloads does not take into account other relevant factors, such as the extent of criminal caseloads, which can vary widely from district to district.

The "local controversy" consideration is inapplicable here. *See Affymetrix, Inc. v. Synteni, Inc.*, 28 F.Supp.2d 192, 207 (D.Del. 1998). While the defendant has its primary operations in Massachusetts, it is by no means a local or regional company.

The public policy of Delaware encourages the use by Delaware corporations of Delaware as a forum for the resolution of business disputes. Here, however, the defendant is not a Delaware corporation, and, for purposes of analysis, the plaintiff is the equivalent of not being a Delaware corporation. Thus, this factor has no weight in this case.

This is not a diversity case, and thus knowledge of state law is irrelevant here.

The defendant's motion implicates the public interest in the efficient disposition of litigation, since the lawsuits (this one and No. 11-1074) that would have been handled by one judge, perhaps with some efficiencies[3] under Fed. R. Civ. P. 42(a), would, if transfer were to be granted, be handled by two judges. On the other hand, both of these cases are at their inception, and the need for judicial involvement is thus somewhat speculative.

---

[3] I have some concern that the efficiencies can bring with them associated unfairness.

Having considered the *Jumara* factors, the balance of convenience favors transferring the case as requested. There is no connection at all to Delaware, whereas there is a substantial connection to Massachusetts. Whether the balance is sufficiently great to outweigh the plaintiff's chosen forum is the issue. In this regard, I must consider *In re Link_A_Media Devices Corp.*, 662 F.3d 1221 (Fed. Cir. 2011).[4] There the plaintiff (a Bermuda corporation) sued in the District of Delaware a Delaware corporation with 130 employees. Delaware's only connection to the case was that the defendant was a Delaware corporation. "Nearly all" of the defendant's 130 employees worked at the defendant's headquarters in the Northern District of California. The plaintiff was a holding company, and an "affiliate" of the plaintiff employed the patent's inventors and "presumably" housed the relevant documents. The affiliate was also located in the Northern District of California. On this basis, the defendant moved to transfer the case to the Northern District of California. This Court denied the motion. The Federal Circuit granted a writ of mandamus, holding that it was not just an abuse of discretion to deny the motion, but a "clear" abuse of discretion.[5] The Federal Circuit stated that this Court "placed far too much weight on the plaintiff's choice of forum," that its "heavy reliance on the fact that [the defendant]

---

[4] The Federal Circuit's numerous transfer cases arising from the Fifth Circuit are not controlling as the Federal Circuit interprets the law of the Circuit in which the District Court sits. *See In re Link_A_Media Devices Corp.*, 662 F.3d at 1223. The law of the two Circuits in regard to how to conduct a transfer analysis is different in a number of regards. Of greatest relevance, "Fifth Circuit precedent clearly forbids treating the plaintiff's choice of venue as a distinct factor in the [transfer] analysis." *In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008). As noted earlier, the Third Circuit treats the plaintiff's choice as a factor of "paramount importance."

[5] As the Federal Circuit noted, "there are cases where to hold a trial court to a meaningful application of the [transfer] factors presents only one correct outcome." *In re Vistaprint Ltd.*, 628 F.3d 1342, 1347 (Fed. Cir. 2010). The only way to interpret *Link_A_Media* is that it was such a case.

was incorporated in Delaware was similarly inappropriate," that this Court erred in "improper[ly] . . . ignor[ing]" "the convenience of the witnesses and the location of the books and records," and that it "erred when it found that consideration of the public interest factors did not favor either forum."[6] It then issued the writ of mandamus and directed transfer of the case to the Northern District of California. The conclusion I would draw from *Link_A_Media* is that when a plaintiff sues a defendant in District A and the plaintiff, the defendant, and all the potential witnesses and evidence are located in District B, and there is no other valid reason for denying a request for transfer to District B, it is an abuse of discretion not to grant the transfer. There is a distinction between *Link_A_Media* and this case in that the *Link_A_Media* plaintiff had substantial connections to the transferee district (that is, that its affiliate and its employees, including the inventors, were located there), which is not the case here. On the other hand, since Signal Tech has no meaningful connection to any district, it is not much of a distinction. I do not think that *Link_A_Media* compels the conclusion that transfer should be granted. Considering, however, that the *Link_A_Media* Court concluded that the denial of transfer was a "clear abuse of discretion," it seems unlikely that denial of a transfer under the facts of this case would be considered an appropriate exercise of discretion.

The only connection to Delaware in this case is that it is plaintiff's choice of forum – which since plaintiff is (the equivalent of) a non-Delaware corporation with no connection of any kind to Delaware, is not entitled to "paramount" consideration. In my view, the balance of convenience tips enough in the defendant's favor that I will transfer the case against Analog

---

[6] This included that the inventors of the patent were employees of the related company and worked in the Northern District of California.

Devices to the District of Massachusetts.